IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHACUBE YOUNG, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 19-5340 |
| v. | : | |
| PHILADELPHIA POLICE DEPT., and PHILADELPHIA COUNTY, | : | |
| Defendants. | : | |

### MEMORANDUM OPINION

Smith, J.                                                                                                                  November 25, 2019

The *pro se* plaintiff has applied for leave to proceed *in forma pauperis* in this action against a city and its police department arising from his claim that the police department arrested him and the city prosecuted and imprisoned him for crimes that a jury ultimately determined he did not commit. He appears to be asserting causes of action under 42 U.S.C. § 1983 for false arrest, false imprisonment, malicious prosecution, and defamation.

After reviewing the *in forma pauperis* application and the complaint, the court will permit the plaintiff to proceed *in forma pauperis* in this action. Although the court will allow the plaintiff to proceed *in forma pauperis*, the court must also dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B) because the plaintiff (1) cannot assert a section 1983 claim against the city's police department because it is not a "person" amenable to suit under section 1983, and (2) has not pleaded sufficient facts to assert a plausible cause of action against the city under section 1983 for false arrest, false imprisonment, malicious prosecution, or defamation. The court will dismiss the complaint without prejudice and provide the plaintiff with a 30-day period to file an amended complaint because it is possible that the plaintiff can cure the defects in his claims against the city.

# I. ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Shacube Young ("Young"), filed an application for leave to proceed *in forma pauperis* (the "IFP Application"), prisoner trust fund account statement, and a complaint that the clerk of court docketed on November 12, 2019. Doc. Nos. 1–3. In the complaint, Young alleges that in May 2016, the Philadelphia Police Department failed to conduct a thorough investigation and ultimately arrested him "for a crime [he] did not commit." Compl. at ECF pp. 12, 13, Doc. No. 3. He has been "incarcerated in the 'Philadelphia County' jail for two years pending trial."[1] *Id.* at ECF p. 12. After a week-long jury trial in June 2018, the jury found him not guilty of the crimes charged.[2] *Id.* at ECF pp. 12, 13.

While imprisoned, Young alleges that his mother passed away and he could not attend her funeral. *Id.* at ECF pp. 12, 13. He claims that his wrongful arrest and incarceration caused him to suffer from depression, anxiety, post-traumatic stress disorder, and paranoia. *Id.* at ECF pp. 12, 14. He also has trouble sleeping. *Id.* at ECF p. 12. He further alleges that he has been attacked by other inmates. *Id.*

Young names the City of Philadelphia Police Department (the "Department") and the City of Philadelphia (the "City") as defendants. *Id.* at ECF pp. 1, 2. Young appears to be asserting causes of action under section 1983 for false arrest, false imprisonment, malicious prosecution, and defamation. *Id.* at ECF p. 12; *see id.* at ECF p. 13 ("I'm suing under section 1983"). He wants "Philadelphia County" to provide him with "proper psychiatric treatment" and $1,000,000 in damages. *Id.* at ECF p. 14.

---

[1] He also indicates that he has been in jail for "over 700 days." Compl. at ECF p. 12.
[2] While ultimately irrelevant, Young appears to allege that he is still incarcerated on the charges for which a jury found him not guilty. Yet, upon this finding, he would no longer be incarcerated.

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Young is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.

### B. Standard of Review

Because the court has granted Young leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to

dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Higgs v. Attorney Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

### C. Analysis

#### 1. Section 1983 Claims Against City of Philadelphia Police Department

Section 1983 provides in pertinent part as follows:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).

When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Although a municipality is a "person" subject to suit under section 1983, *Board of the Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436

U.S. 658, 659 (1978)), "a city police department is a governmental sub-unit that is not distinct from the municipality of which it is part" and, as such, it is not a "person" subject to suit under section 1983. *Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016) (per curiam); *see Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 n.2 (3d Cir. 2014) (per curiam) ("Although local governmental units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental subunit that is not distinct from the municipality of which it is a part."); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780 (E.D. Pa. 2005) (dismissing section 1983 claims against City of Philadelphia Police Department and its "Northeast Detective Division" because they "are not legal entities separate from the City of Philadelphia" (citing *Baldi v. City of Philadelphia*, 609 F. Supp. 162, 168 (E.D. Pa. 1985)). Because the Department is not a "person" amenable to suit under section 1983, the court must dismiss with prejudice Young's section 1983 claims against it because he cannot cure the defect with those claims.[3]

### 2. Section 1983 Claims Against the City of Philadelphia

As indicated above, Young is attempting to assert section 1983 claims for false arrest, false imprisonment, malicious prosecution, and defamation against the City. To state a claim for false arrest and false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that the defendant(s) arrested him without probable cause. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (explaining that plaintiff must allege "(1) that there was an arrest; and (2) that the arrest was made without probable cause" (citation omitted)). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or

---

[3] As Young has also named the City as a defendant, the court will construe all his claims as having been raised against the City.

is being committed by the person to be arrested." *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995). A plaintiff asserting a malicious prosecution claim must allege that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).

To plead a basis for municipal liability against the City under section 1983, Young must allege that it violated his constitutional rights because of a custom or policy that it adopted. *See Monell*, 436 U.S. at 694. In this regard, to assert a plausible claim under section 1983, Young "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the applicable pleading standard. *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted). A "policy" arises when a decision-maker possessing final authority issues an official proclamation, policy, or edict. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). "Customs" are practices so permanent and well-settled as to virtually constitute law. *Monell*, 436 U.S. at 691. Regardless of whether a plaintiff is seeking to impose *Monell* liability for a policy or a custom, "it is incumbent upon a plaintiff to show that a policymaker is responsible either for the policy or, through acquiescence, for the custom." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990); *see also Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (explaining that in both methods to obtain liability under *Monell*, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom").

Here, Young has not alleged sufficient facts to raise a plausible claim that he was arrested, imprisoned and prosecuted without probable cause. He does not identify the nature of the charges brought against him or describe the circumstances of his arrest to support an inference that probable cause was lacking. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that, to extent plaintiff was asserting claims for false arrest and imprisonment, he "needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested"). Furthermore, Young has not identified a municipal policy or custom that would provide a basis for municipal liability against the City. In sum, the complaint does not state a plausible claim as pled.[4]

### III. CONCLUSION

For the foregoing reasons, the court will grant Young's application for leave to proceed *in forma pauperis* and dismiss his complaint for the failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). The court will dismiss Young's claims against the Department with prejudice and his claims against the City without prejudice to him filing an amended complaint.

The court will enter a separate order.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.

---

[4] Young has also failed to plead a defamation claim under section 1983. "[A]n individual does not have a protected interest in reputation alone," rather "defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution," known as a "stigma-plus" claim. *Randall v. Facebook, Inc.*, 718 F. App'x 99, 101 (3d Cir. 2017) (per curiam) (quoting *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989)); *see also Paul v. Davis*, 424 U.S. 693, 701 (1976). Young has neither alleged any defamatory statements, nor has he alleged a change of right or status sufficient to establish a "stigma-plus" claim.

The court has not addressed whether Young has plausibly pleaded any claims under state law because he specified that he was proceeding under section 1983 in the complaint. If Young intends to also proceed with any state law claims, he should indicate as such in an amended complaint.