IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| SHACUBE YOUNG, | : | |
| --- | --- | --- |
| Plaintiff, | : | CIVIL ACTION NO. 19-5340 |
| v. | : | |
| PHILADELPHIA POLICE DEPT. and PHILADELPHIA COUNTY, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                            January 23, 2020

      The *pro se* plaintiff claims that he was falsely charged with attempted murder and spent approximately two years in prison before he was acquitted after a trial. He previously filed a complaint asserting claims under 42 U.S.C. § 1983 against the police department that arrested him and the county in which he was prosecuted. Although this court granted the plaintiff leave to proceed *in forma pauperis*, the court dismissed the claims against the police department with prejudice because it is not a proper defendant under section 1983, and the claims against the county (which the court interpreted as claims against the city) without prejudice because the plaintiff, *inter alia*, failed to state a plausible claim for municipal liability against the city. The court provided the plaintiff with leave to file an amended complaint.

      The plaintiff has now filed an amended complaint in which he once again tries to assert a section 1983 claim against the police department and the city. Because the plaintiff is proceeding *in forma pauperis*, the court has reviewed the amended complaint under 28 U.S.C. § 1915(e)(2). As the plaintiff still may not maintain a section 1983 claim against the police department, the court will again dismiss the claim with prejudice. Concerning the claim against the county/city, the court

must also dismiss this claim because the plaintiff again fails to state a plausible municipal liability claim. The court will dismiss this latter claim without prejudice and provide the plaintiff with an opportunity to file a second amended complaint should he be able to assert a plausible claim.

## I. ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Shacube Young ("Young"), filed an application for leave to proceed *in forma pauperis* (the "IFP Application"), prisoner trust fund account statement, and a complaint that the clerk of court docketed on November 12, 2019. Doc. Nos. 1–3. In the original complaint, Young alleged that on May 19, 2016, he was "arrested by the Philadelphia police department for a crime [he] did not commit nor have knowledge of." Compl. at ECF p. 13, Doc. No. 3. He averred that he was "then confined in Philadelphia's county jails for two years while awaiting a trial for the case." *Id.* Young was later acquitted after a trial that occurred in June 2018. *Id.* He also alleged that he was held for over 700 days on the charges. *Id.* at ECF p. 12. Young did not further describe the charges or the circumstances surrounding his arrest and prosecution. He sought damages for injuries he suffered related to his incarceration. *Id.* at ECF pp. 12, 14.

Based on those allegations, the court understood Young to be raising 42 U.S.C. § 1983 claims for false arrest, false imprisonment, and malicious prosecution, as well as a defamation claim against the City of Philadelphia Police Department and the City of Philadelphia. *See* Mem. Op. at ECF p. 2, Doc. No. 5. After granting Young leave to proceed *in forma pauperis*, the court screened his complaint and dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.[1] Doc. Nos. 5, 6.

---

[1] In the memorandum opinion and order, the court, *inter alia* (1) dismissed with prejudice Young's section 1983 claims against the Philadelphia Police Department, which is not a person subject to liability under section 1983; (2) dismissed without prejudice Young's claims against the City of Philadelphia because he had neither alleged a basis for municipal liability under *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978) nor alleged a plausible basis for concluding that probable cause was lacking for his arrest or prosecution; and (3) determined that Young failed to state a constitutional claim based on alleged defamation. Mem. Op. at ECF pp. 5–8 & n.4.

The court provided Young with leave to file an amended complaint if he could state a plausible basis for a claim based on his arrest and prosecution. *See* Mem. Op. at ECF p. 8; Order at ¶ 6, Doc. No. 6. The court informed Young that any amended complaint should identify all defendants and state the basis for his claims against each defendant. *See* Order at ¶ 6. Young then filed a motion for appointment of counsel, which the court denied as premature because there was no operative pleading and it was unclear whether Young could state a plausible claim. Doc. Nos. 7, 8. The court also gave Young an extension of time to file an amended complaint. *See* Order at 2, Doc. No. 8.

Young subsequently timely filed an amended complaint that the clerk of court docketed on December 30, 2019. Doc. No. 9. Young again names as defendants the Philadelphia Police Department and the City of Philadelphia (identified as Philadelphia County). *See* Compl. at 1, 2, Doc. No. 9.

Unfortunately, his allegations are again somewhat sparse. Young alleges that the officers of the Philadelphia Police Department arrested him on May 19, 2016, on charges of attempted murder. *See id.* at 4. He asserts that the police lacked probable cause for his arrest because they did not have physical evidence such as gunshot residue, ballistics evidence, or a firearm in his possession. *See id.* Instead, he claims that the police used "hearsay" to support his arrest, and he asserts that a police officer by the name of Office Goodwin told him that he "heard [Young] was involved [in the crime] by a drug user or informant." *Id.* Young was tried and acquitted in June 2018 after having spent two years imprisoned. *Id.* at 5. Young seeks damages related to his imprisonment. *Id.*

## II. DISCUSSION

### A. Standard of Review

As Young is proceeding *in forma pauperis,* the court must dismiss the amended complaint if it, *inter alia*, "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tauscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Higgs v. Attorney Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (explaining that courts hold *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers").

### B. Analysis

#### 1. Section 1983 Claims Against the Philadelphia Police Department

Section 1983 provides in pertinent part as follows:

Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

> be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added). When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

As the court previously explained to Young, although a municipality is a "person" subject to suit under section 1983, *Board of the Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 659 (1978)), "a city police department is a governmental sub-unit that is not distinct from the municipality of which it is part" and, as such, it is not a "person" subject to suit under section 1983. *Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016) (per curiam); *see Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 n.2 (3d Cir. 2014) (per curiam) ("Although local governmental units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental subunit that is not distinct from the municipality of which it is a part."). Thus, the Philadelphia Police Department is not a separate entity from the City of Philadelphia and is not a "person" subject to suit under section 1983. *See* 53 P.S. § 16257 ("[A]ll suits growing out of [a City of Philadelphia department's] transactions, and all claims to be filed for removing nuisances, together with all bonds, contracts and obligations, hereafter to be entered into or received by the said departments, shall be in the name of the city of Philadelphia."); *see also Bush v. City of Philadelphia Police Dep't*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010)

(dismissing Philadelphia Police Department as a matter of law because it is not a legal entity separate from City of Philadelphia); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780 (E.D. Pa. 2005) (dismissing section 1983 claims against City of Philadelphia Police Department and its "Northeast Detective Division" because they "are not legal entities separate from the City of Philadelphia" (citing *Baldi v. City of Philadelphia*, 609 F. Supp. 162, 168 (E.D. Pa. 1985))). Therefore, because the Philadelphia Police Department is not a "person" amenable to suit under section 1983, the court must (again) dismiss with prejudice Young's section 1983 claims against it because he cannot cure the defect with those claims.[2]

### 2. Section 1983 Claims Against the City of Philadelphia

As indicated above, Young is attempting to assert section 1983 claims for false arrest, false imprisonment, malicious prosecution, and defamation against the City of Philadelphia. Once again, he failed to plead a basis for a claim against the city. As the court previously explained to Young, to plead a basis for municipal liability against the City of Philadelphia under section 1983, Young must allege that it violated his constitutional rights because of a custom or policy that it adopted. *See Monell*, 436 U.S. at 694. In this regard, to assert a plausible claim under section 1983, Young "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the applicable pleading standard. *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted). A "policy" arises when a decision-maker possessing final authority issues an official proclamation, policy, or edict. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). "Customs" are practices so permanent and well-settled as to virtually constitute law. *Monell*, 436 U.S. at 691. Regardless of whether a plaintiff is seeking to impose *Monell* liability for a policy or a custom, "it is incumbent upon a plaintiff to show that a policymaker is responsible either for the

---

[2] As Young has also named the City as a defendant, the court will construe all his claims as having been raised against the City.

policy or, through acquiescence, for the custom." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990); *see also Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (explaining that in both methods to obtain liability under *Monell*, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom"). Here, Young has yet again failed to identify a municipal policy or custom that would provide a basis for municipal liability against the City of Philadelphia. As such, he has failed to state a plausible claim against the City of Philadelphia.

### III.  CONCLUSION

For the foregoing reasons, the court will dismiss the amended complaint for the failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). The court will dismiss Young's claims against the Philadelphia Police Department with prejudice and his claims against the City of Philadelphia without prejudice to him filing a second amended complaint. The court is providing Young with leave to file a second amended complaint in accordance with the court's accompanying order if he can state a basis for a claim against the City of Philadelphia or against an individual defendant responsible for causing the alleged constitutional violations.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.