IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHACUBE YOUNG, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 19-5340 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                                                           August 4, 2020

The *pro se* plaintiff has twice attempted to assert a plausible claim for relief under 42 U.S.C. § 1983 against the city based on his claim that police officers arrested him without probable cause, causing him to remain incarcerated for two years until a jury ultimately acquitted him at trial. On both occasions that the court reviewed these claims, the court thoroughly explained to the plaintiff about what he needed to allege to assert a plausible claim for municipal liability against the city. Unfortunately, on this third occasion, he has yet again failed to plead a plausible claim against the city. Accordingly, the court must dismiss this action and deny him leave to amend because doing so at this point would be futile.

**I.  ALLEGATIONS AND PROCEDURAL HISTORY**

The *pro se* plaintiff, Shacube Young ("Young"), filed an application for leave to proceed *in forma pauperis* (the "IFP Application"), prisoner trust fund account statement, and a complaint that the clerk of court docketed on November 12, 2019.[1] Doc. Nos. 1–3. Based on the allegations

---

[1] Young named the Philadelphia Police Department and Philadelphia County as defendants in the complaint. Compl. at 1, Doc. No. 3. Young alleged that on May 19, 2016, he was "arrested by the Philadelphia police department for a crime [he] did not commit nor have knowledge of." *Id.* at ECF p. 13. He averred that he was "then confined in Philadelphia's county jails for two years while awaiting a trial for the case." *Id.* Young was later acquitted after a trial that occurred in June 2018. *Id.* He also alleged that he was held for over 700 days on the charges. *Id.* at ECF p. 12.

in the complaint, the court understood Young to be raising 42 U.S.C. § 1983 claims for false arrest, false imprisonment, and malicious prosecution, as well as a defamation claim. Nov. 25, 2019 Mem. Op. at ECF p. 2, Doc. No. 5. After granting Young leave to proceed *in forma pauperis*, the court screened his complaint and dismissed it for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2] Doc. Nos. 5, 6.

The court provided Young with leave to file an amended complaint if he could state a plausible basis for a claim based on his arrest and prosecution. Nov. 25, 2019 Mem. Op. at ECF p. 8; Nov. 25, 2019 Order at ¶ 6. The court informed Young that any amended complaint should identify all defendants and state the basis for his claims against each defendant. Nov. 25, 2019 Order at ¶ 6. Young then filed a motion for appointment of counsel, which the court denied as premature on December 19, 2019, because there was no operative pleading and it was unclear whether Young could state a plausible claim. Doc. Nos. 7, 8. The court also gave Young an extension of time to file an amended complaint. Dec. 19, 2019 Order at 2, Doc. No. 8.

Young subsequently timely filed an amended complaint that the clerk of court docketed on December 30, 2019. Doc. No. 9. Young again named the Philadelphia Police Department and the City of Philadelphia (identified as Philadelphia County) as defendants.[3] *See* Am. Compl. at 1, 2,

---

Young did not further describe the charges or the circumstances surrounding his arrest and prosecution. He sought damages for injuries he suffered related to his incarceration. *Id.* at ECF pp. 12, 14.

[2] In the memorandum opinion and order, the court, *inter alia*, (1) dismissed with prejudice Young's section 1983 claims against the Philadelphia Police Department, which is not a person subject to liability under section 1983; (2) dismissed without prejudice Young's claims against the City of Philadelphia because he had neither alleged a basis for municipal liability under *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978) nor alleged a plausible basis for concluding that probable cause was lacking for his arrest or prosecution; and (3) determined that Young failed to state a constitutional claim based on alleged defamation. Nov. 25, 2019 Mem. Op. at ECF pp. 5–8 & n.4; Nov. 25, 2019 Order at ¶ 5, Doc. No. 6.

[3] In the amended complaint, Young alleged that the officers of the Philadelphia Police Department arrested him on May 19, 2016, on charges of attempted murder. Am. Compl. at 4. He asserted that the police lacked probable cause for his arrest because they did not have physical evidence such as gunshot residue, ballistics evidence, or a firearm in his possession. *Id.* Instead, he claimed that the police used "hearsay" to support his arrest, and he averred that a police officer by the name of Officer Goodwin told him that he "heard [Young] was involved [in the crime] by a drug user or informant." *Id.* Young was tried and acquitted in June 2018 after having spent two years imprisoned. *Id.* at 5. Young sought damages related to his imprisonment. *Id.*

Doc. No. 9. The court screened the amended complaint and entered a memorandum opinion and order on January 23, 2020, which dismissed the amended complaint for the failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).[4] The court gave Young "leave to file a second amended complaint . . . if he [could] state a basis for a claim against the City of Philadelphia or against an individual defendant responsible for causing the alleged constitutional violations." Jan. 23, 2020 Mem. Op. at 7.

After receiving an extension of time, Young filed a second amended complaint raising claims under section 1983 and state tort law against only the City of Philadelphia (the "City"). Doc. No. 14. In the second amended complaint, Young alleges again that the officers of the Philadelphia Police Department arrested him on May 19, 2016, and charged him with attempted murder in connection with a shooting that occurred on March 29, 2016. 2d Am. Compl. at ECF p. 2, Doc. No. 14. Young asserts that the officers arrested him without probable cause, and that his arrest was instead based "merely off hearsay and speculation." *Id.* Young again alleges that he was imprisoned for two years in the Philadelphia County Jail until a jury ultimately acquitted him in June 2018. *Id.* He claims that he had no knowledge of the crime, that masked individuals committed the crime so there was no way to identify them, and that officers coerced witnesses into testifying falsely against him. *Id.*

Young alleges that he suffered emotional and psychological damages stemming from his imprisonment. *Id.* at ECF p. 3. Young claims that the City has "encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices, and customs and to the need

---

[4] The court (1) dismissed the claims against the Philadelphia Police Department with prejudice because it was not a "person" amenable to suit under section 1983 and (2) dismissed the claims against the City of Philadelphia without prejudice because Young once again did not plausibly plead a municipal liability claim under *Monell* because he failed to allege that a municipal policy or custom caused the alleged constitutional violations related to his arrest, prosecution, and imprisonment. Jan. 23, 2020 Mem. Op. at 5–7, Doc. No. 10; Jan. 23, 2020 Order at ¶ 1, Doc. No. 11.

3

for more or different training, supervision, investigation or discipline" in several areas, specifically:

- A. The unlawful arrest, unlawful detention, and malicious prosecution by police officers;

- B. The proper exercise of police power, including but not limited to the unlawful arrest, unlawful detention, and/or malicious prosecution;

- C. Psychologically or emotionally unfit persons serving as police officers;

- D. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

- E. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct[];

- F. Police officers['] use of their status as police officers to employ unlawful arrest, unlawful detention, false imprisonment, malicious prosecution, or to achieve ends not reasonably related to their police duties;

- G. The failure of police officers to report the misconduct and unlawful behavior of other officers, a practice and custom known as the code of silence;

- H. The failure to provide an effective means by which to monitor the performance of police officers, to investigate allegations of police misconduct, and to impose discipline and other remedial measures where officers are found to have engaged in misconduct or to have violated established procedures and practices; and

- I. The failure of police officers to follow established policies, procedures, directives, and instructions regarding unlawful arrest, unlawful detention, and code of silence under such circumstances as presented in this case.

*Id.* at ECF pp. 4–5.

Young also avers that the City has "failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other police officers," which caused the violation of his constitutional rights. *Id.* at ECF p. 5. Young also

brings related claims under state law. *Id.* at ECF pp. 5–6. He seeks compensatory and punitive damages, as well as other miscellaneous relief. *Id.* at ECF p. 6.

## II. DISCUSSION

### A. Standard of Review

As Young is proceeding *in forma pauperis,* the court must dismiss the amended complaint if it, *inter alia*, "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tauscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Higgs v. Attorney Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (explaining that courts hold *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers").

### B. Analysis

#### 1. Section 1983 Claims

Young has failed in this third attempt to state a plausible section 1983 claim against the City. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

As the court previously explained to Young, to plead a basis for municipal liability against the City under section 1983, he must allege that it violated his constitutional rights because of a custom or policy that it adopted. *See Monell*, 436 U.S. at 694. In this regard, Young "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the applicable pleading standard. *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted). A "policy" arises when a decision-maker possessing final authority issues an official proclamation, policy, or edict. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). "Customs" are practices so permanent and well-settled as to virtually constitute law. *Monell*, 436 U.S. at 691; *see Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) ("Custom . . . can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law."). Regardless of whether a plaintiff is seeking to impose *Monell* liability for a policy or a custom, "it is incumbent upon a plaintiff to show that a policymaker is responsible either for the policy or, through acquiescence, for the custom." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990); *see also Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (explaining that in both methods to obtain liability under *Monell*, "a plaintiff must show that an official who has the power

to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom").

A plaintiff illustrates that a custom was the proximate cause of his injuries by demonstrating that the municipal defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Estate of Roman*, 914 F.3d at 798 (internal quotation marks and alterations omitted). Further, a plaintiff seeking to state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

Although Young asserts various theories of municipal liability in the second amended complaint, all of them are pleaded in a generalized manner without any supporting facts. He alleges that the City, *inter alia*, failed to train its officers, and turned a blind eye to a pattern of behavior by its officers to violate citizens' constitutional rights. Despite these theories, he fails to allege any facts to support these conclusory allegations. It is insufficient to simply allege that the City has failed to train or supervise its officers. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)); *McTernan*, 564 F.3d at 659 (explaining that paraphrasing elements, and formulaic recitation of elements do not suffice to state a claim for municipal liability); *Levine v. Rodden*, Civ. A. No. 15-574, 2015 WL 2151781,

at *4 (E.D. Pa. May 7, 2015) (dismissing claims where "[p]laintiff's municipal liability allegations simply paraphrase the pleading standards for municipal liability").

### 2. State Law Claims

Young also asserts claims against the City under state law. Because the court has dismissed his federal claims, the court will not exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if-- . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ."). As the Supreme Court instructs:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966).

Additionally, there is no independent basis for jurisdiction over any state law claims. The only possible basis is under the diversity jurisdiction statute, 28 U.S.C. § 1332, which grants a district court subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.* 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). "The burden of establishing federal jurisdiction rests with the party asserting

its existence." *Id.* at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). Here, it appears that both the plaintiff and the City are Pennsylvania citizens, *see* 2d Am. Compl. at ECF p. 1, so jurisdiction is lacking in this case. Accordingly, the court will dismiss Young's state law claims without prejudice for lack of jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the court will dismiss Young's federal claims for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and his state law claims for lack of subject-matter jurisdiction. The court will not provide Young with another opportunity to amend his federal claims because further attempts at amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding amendment by *pro se* prisoner would be futile when prisoner "already had two chances to tell his story"). Accordingly, the court will dismiss Young's federal claims with prejudice and his state law claims without prejudice.

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.